| | | |
|---|---|---|
| SAMUEL F. COATES<br>1155 Madison Street, Apt. A2<br>Annapolis, Maryland 21403<br>Plaintiff | * | IN THE |
| | * | CIRCUIT COURT |
| v. | * | FOR |
| CITY OF ANNAPOLIS<br>160 Duke of Gloucester Street<br>Annapolis, Maryland 21401<br>Defendant | * | ANNE ARUNDEL COUNTY |
| | * | MARYLAND |
| and | * | CASE NO.: C-07-123199 |
| MICHAEL SCHREIBER, Individually and in his capacity as an Annapolis City Police Officer<br>199 N. Taylor Avenue<br>Annapolis, Maryland 21401<br>Defendant | * | |
| and | * | |
| CHRISTIAN TUCKER, Individually and in his capacity as an Annapolis City Police Officer<br>199 N. Taylor Avenue<br>Annapolis, Maryland 21401<br>Defendant | * | |
| and | * | |
| MISCELLANEOUS UNIDENTIFIED ANNAPOLIS CITY POLICE OFFICERS, Individually and in their capacity as Annapolis City Police Officers<br>199 N. Taylor Avenue<br>Annapolis, Maryland 21401<br>Defendant | * | |

**********************************************************

# COMPLAINT

Plaintiff Samuel F. Coates ("Coates") by his attorneys, Linda T. Cox, Esquire and the Law Offices of Linda T. Cox, P.A., hereby files this Complaint ("Complaint") against Defendants City of Annapolis, ("City of Annapolis"), Michael Schreiber, Individually and in his capacity as an Annapolis City Police Officer, ("Schreiber"), Christian Tucker, Individually and in his capacity as an Annapolis City Police Officer, ("Tucker") and miscellaneous unidentified Annapolis City Police Officers, (Annapolis Officers), individually and in their capacity as Annapolis City Police Officers, and as grounds therefore state the following:

## PARTIES

1. That at all times relevant to this Complaint, Plaintiff Coates, was and is an adult citizen of the City of Annapolis, Anne Arundel County, Maryland.

2. That upon information and belief, at all times relevant to this Complaint, Defendants Michael Schreiber and Christian Tucker and Annapolis Officers of the Annapolis City Police Department acted in their individual capacity pursuant to the jurisdiction of the City of Annapolis, or in their capacity as Annapolis City Police Officers, and pursuant to their authority as Annapolis City Police Officers and as such Defendants Schreiber, Tucker and Annapolis Officers were subject to all relevant Maryland State and Annapolis City laws and ordinances.

3. That alternatively, Defendants Schreiber, Tucker and Annapolis Officers acted at all times relevant to this Complaint in their individual capacity as residents of the State of Maryland, or inasmuch as the events complained of herein took place in Maryland, the Defendants acted pursuant to relevant Maryland State, Anne Arundel County and Annapolis City laws and ordinances.

4. That Defendant Annapolis City, Maryland ("City of Annapolis") is a municipal corporation within the State of Maryland, and that all times relevant hereto, it was responsible for law enforcement as it pertains to the people of the City of Annapolis, Maryland. That the City of Annapolis employed the Defendants Schreiber, Tucker and miscellaneous unidentified officers of the Annapolis Police Department to deliver law enforcement services to the people of the City of Annapolis, and as such, the City of Annapolis was responsible for the training, instruction, supervision, discipline, control and conduct of the Defendants Schreiber, Tucker and the Annapolis Officers, and as such the Defendant City of Annapolis had the power, right and duty to control the manner in which the Defendants Schreiber, Tucker and Annapolis Officers carried out the objectives of their employment to see that all policies, orders, rules, instructions and regulations promulgated through Defendants Schreiber, Tucker and Annapolis Officers were consistent with the Maryland State Constitution and laws of the City of Annapolis, Anne Arundel County and the State of Maryland.

5. That the City of Annapolis was at all times relevant hereto responsible for law enforcement as it pertains to the people of the City of Annapolis, and to that end, it employed Defendant police officers Schreiber, Tucker and Annapolis Officers to deliver law enforcement services to the citizens and people of Annapolis, Maryland.

6. That to the extent the Defendants are entitled to written notice of Plaintiff's claim under the Local Government Tort Claims Act, ("LGTCA") said notice was provided on April 19, 2007 to Annapolis City Attorney Shaem C. Spencer and on April 20, 2007 to the City of Annapolis Mayor Ellen Moyer. Md Code Ann, Cts & Jud Proc §§ 5-301 through 5-304. *See* Exhibits A and B attached hereto and incorporated

herein by reference. In accordance with any such notice requirements, Plaintiff notified the City of Annapolis and Mayor Ellen Moyer of his intent to file suit regarding damages sustained as the result of the June 10, 2006 actions of the City of Annapolis and Defendants Schreiber, Tucker and Annapolis Officers.

7. That this is an action for money damages pursuant to the laws of the City of Annapolis, Maryland, and the State of Maryland against the City of Annapolis and the individual police officers named as Defendants herein in their individual capacity and in their official capacity as City of Annapolis, Maryland police officers and against the City of Annapolis as the employer or principal of the individual police officers named as Defendants herein.

8. That it is alleged that Defendants Annapolis City Police officers Schreiber, Tucker and Annapolis Officers acted in their official capacity as Annapolis City Police Officers or in their individual capacity subject to the laws and jurisdiction of the State of Maryland and the City of Annapolis, assaulted and battered Plaintiff Coates when they pulled him out of his vehicle on June 10, 2006, without cause or justification, and in violation of the laws, policies and customs of Annapolis City, Maryland and the State of Maryland.

9. That Defendant police officers Schreiber, Tucker and Annapolis Officers were at all times relevant to this Complaint duly appointed and acting officers of the Annapolis City Police Department, Maryland, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Maryland and/or the Annapolis City, Maryland, or in the alternative, they acted in their

individual capacity, subject to the laws and jurisdiction of the City of Annapolis and the State of Maryland.

## FACTS

10. That on or about June 10, 2006, at approximately 9:00 p.m. in the evening, Defendants Schreiber and Tucker attempted to stop Plaintiff Coates as he was driving in a rented Volkswagen Beetle in Annapolis City, Maryland. That Defendants Schreiber and Tucker were under the mistaken impression that there was a pending warrant for the arrest of Plaintiff Coates.

11. That when Plaintiff Coates asserted his innocence and refused to voluntarily exit his vehicle, Defendant Officer Schreiber attempted to force Plaintiff from his vehicle by pulling his legs out from underneath the steering wheel on the driver's side of the vehicle, and Defendant Officer Tucker pushed Plaintiff Coates from the opposite passenger side of the vehicle. That Plaintiff Coates continued to advise the officers that there was no pending warrant for his arrest. That officers Tucker and Schreiber forced Plaintiff Coates from the vehicle, and in so doing injured Plaintiff Coates' back, right side and right shoulder such that he was caused extreme pain.

12. That Annapolis Officers stood by watching and failed to offer any help to Plaintiff Coates as this incident occurred.

13. That when the Defendants finally pulled Plaintiff Coates from his vehicle, they put shackles on his legs and handcuffed his hands. That they failed to advise him of his Miranda and other constitutional rights under the laws of the City of Annapolis, State of Maryland, and the United States of America. That when the Defendant officers

attempted to verify the outstanding warrant on Plaintiff Coates, the Annapolis City Police dispatcher told them that there was no current arrest warrant on Plaintiff Coates.

14. That the Defendants nevertheless took Plaintiff to the Annapolis City Police Station and arrested him. That Plaintiff Coates had to post bond of $1,000.0 to obtain his freedom from jail.

15. That at no time during the events described above was Plaintiff Coates intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly.

16. That neither Defendants Schreiber, Tucker or Annapolis Officers had any arrest warrant for the Plaintiff, and there was no legal cause or excuse for Defendants use excessive force against Plaintiff Coates.

17. That as a direct and proximate result of the said acts of the Defendants Schreiber, Tucker and miscellaneous unidentified members of the Annapolis City Police Department, Plaintiff Samuel Coates suffered extreme physical pain, an emotional trauma, and was seriously injured. Said physical and emotional pain, trauma and suffering has required the expenditure of significant amounts of money for treatment.

18. That the actions of Annapolis City Police Officers Schreiber, Tucker and Annapolis Officers both in their official capacity as Annapolis City Police Officers and in their individual capacity as residents of the State of Maryland, violated clearly established and well settled State and City laws and State constitutional rights of Plaintiff Coates to be free from the use of excessive, unreasonable, and unjustified force against his person.

**COUNT I**

**ASSAULT AND BATTERY AGAINST**

**DEFENDANT ANNAPOLIS CITY POLICE OFFICERS MICHAEL SCHREIBER, CHRISTIAN TUCKER AND UNIDENTIFIED MEMBERS OF THE ANNAPOLIS CITY POLICE DEPARTMENT IN THEIR CAPACITY AS ANNAPOLIS CITY POLICE OFFICERS**

19. That paragraphs 1 through 18 are incorporated herein by reference as though fully set forth herein.

20. That all times relevant to this Complaint, Defendant Annapolis City Police Officers Schreiber, Tucker and Annapolis Officers were acting as the agent, servant, and/or employee of the Defendant City of Annapolis and were acting in the scope of their employment.

21. That by assaulting and battering Plaintiff Coates and by using excessive force against an unarmed man, Defendant City Officers assaulted and battered Samuel Coates. This assault and battery was unlawful, unnecessary and unwarranted because Plaintiff Coates was not a threat to the safety of himself or others or disorderly. That in addition Plaintiff Coates was involuntarily removed from of his vehicle. That Defendants Schreiber, Tucker and Annapolis Officers unnecessarily used excessive force on Mr. Coates when they pulled him out of his vehicle.

22. That as a result of this assault and battery, Plaintiff Coates has suffered significant and serious damages and permanent injuries as aforesaid.

**WHEREFORE,** Plaintiff demands judgments against Defendant Michael Schreiber, Christian Tucker and Annapolis Officers in their official capacity as Officers of the Annapolis City Police Department, and in their individual capacity as residents of the State of Maryland or as otherwise subject to its jurisdiction and that of its

municipalities, for violation of any and all relevant State and/or City or County laws and ordinances of the State of Maryland as follows:

a.) An award of five hundred thousand dollars ($500,000.00) compensatory damages;

b.) An award of two hundred fifty thousand dollars ($250,000.00) punitive damages;

c.) An award of nominal damages;

d.) An award of attorney's fees, interests and costs; and

e.) Such other and further relief as this Court may deem appropriate.

## COUNT II

## ASSAULT AND BATTERY AGAINST DEFENDANT ANNAPOLIS CITY POLICE OFFICERS MICHAEL SCHREIBER, CHRISTAIN TUCKER AND UNIDENTIFIED OFFICERS OF THE ANNAPOLIS CITY POLICE DEPARTMENT, IN THEIR INDIVIDUAL CAPACITY

23. Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth herein.

24. That the events complained of herein all took place within Annapolis City, Maryland, and as such, the parties were subject to State, County and City laws and ordinances. That as such, Defendants Schreiber, Tucker and Annapolis Officers owed a duty to Plaintiff to act at all times in accordance with said State, County and City laws and ordinances. That by assaulting and battering Samuel Coates and by using excessive force against him as an unarmed man, Defendants Schreiber, Tucker and Annapolis

Officers breached their duty to Plaintiff Coates to act in accordance with State, County and City laws and ordinances. That this assault and battery was unlawful, unnecessary and unwarranted because Plaintiff Coates was not a threat to the safety of Defendants Schreiber, Tucker and Annapolis Officers or to others, nor was he disorderly.

25. That Defendants Schreiber, Tucker and Annapolis Officers assaulted and battered Samuel Coates when they pulled him out of his vehicle, put handcuffs and shackles on him and arrested him.

26. That Defendants Schreiber, Tucker and Annapolis Officers acted with actual malice and/or gross negligence when they assaulted and battered Mr. Coates.

27. That as a result of this injury, Plaintiff Coates has suffered significant and serious damages and permanent injuries, as aforesaid.

**WHEREFORE,** Plaintiff demands judgments against Defendant Michael Schreiber, Christian Tucker and Annapolis Officers in their official capacity as Officers of the Annapolis City Police Department, and in their individual capacity as residents of the State of Maryland or as otherwise subject to its jurisdiction and that of its municipalities, for violation of any and all relevant State and/or City or County laws and ordinances of the State of Maryland as follows:

a.) An award of five hundred thousand dollars ($500,000.00) compensatory damages;

b.) An award of two hundred fifty thousand dollars ($250,000.00) punitive damages;

c.) An award of nominal damages;

d.) An award of attorney's fees, interests and costs; and

e.) Such other and further relief as this Court may deem appropriate.

## COUNT III

## VIOLATION OF MARYLAND STATE DECLARATION OF RIGHTS BY DEFENDANT CITY OF ANNAPOLIS, MARYLAND

28. Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth herein.

29. That the foregoing acts, omissions and systematic deficiencies used by Defendants Schreiber, Tucker and Annapolis Police Officers against Plaintiff are policies and customs of Defendant City of Annapolis, and that it's agents, servants or employees, Defendants Schreiber, Tucker and Annapolis Police Officers acted under color of law in using said policies and customs against the Plaintiff, resulting in serious and significant injury to Plaintiff. That said City of Annapolis policies and customs were developed and maintained with complete indifference to the constitutional rights of the people of the City of Annapolis, with the foreseeable results that Annapolis City Police Officers such as Defendants Schreiber, Tucker and Annapolis Officers were more likely to use deadly force in a situation such as the one described herein when such force was neither necessary nor reasonably nor constitutionally appropriate.

30. That said policies and customs include but are not limited to City of Annapolis Police Department's orders, regulations and guidelines.

31. That prior to June 10, 2006, City of Annapolis, Maryland developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Annapolis, which caused the violation of Coates' rights.

32. That it was the policy, law and custom of City of Annapolis, Maryland to inadequately supervise and train its Officers and Deputy Officers, including Defendants Schreiber, Tucker and other miscellaneous unidentified Annapolis City Police Officers, thereby failing to adequately discourage constitutional violation on the part of its Deputy Officers. That Defendant City of Annapolis did not require appropriate in-service training or re-training of Officers and Deputy Officers who were known to have engaged in misconduct.

33. That as a result of the above described policies and customs, Deputy Officers of the City of Annapolis, Maryland, including the Defendants Schreiber, Tucker and Annapolis Police, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

34. That the above described policies and customs demonstrated a deliberate indifference to the policymakers of the City of Annapolis, Maryland, and to the constitutional rights of persons within the City of Annapolis, and were the cause of violations of Plaintiff's rights alleged herein.

35. That as a direct and proximate result of the aforesaid acts, omissions, systematic deficiencies, policies, and customs of the Defendant City of Annapolis, Defendants Schreiber, Tucker and Annapolis Officers improperly assaulted and battered Samuel Coates or permitted him to be assaulted and battered, causing Plaintiff Coates to suffer permanent physical and emotional pain and anguish, and to lose his physical liberty, all of which was in violation of his rights under the laws of the Maryland Declaration of Rights, in particular Articles 19, 24 and 26. That as a result, Plaintiff

Coates is entitled to all legal remedies under the Maryland Declaration of Rights for injuries to his person, including those provided by Article 19.

## COUNT IV

## FALSE ARREST

36. Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth herein.

37. That Defendant Police Officers Schreiber, Tucker and Annapolis Officers had no rational reason to believe that Mr. Coates had a pending arrest warrant because the dispatcher at the Annapolis City Police Department verified that there was no pending warrant against Mr. Coates. That despite this information, the Defendants arrested Mr. Coates. Subsequently, Coates was arrested, handcuffed, shackled and taken to the Police Station to await arraignment.

38. That Coates' arrest was made without a warrant and demonstrated ill will, improper motivation or evil purpose by the Defendants.

39. That as a result of the conduct and actions of officers, Defendants Schreiber, Tucker and Annapolis Police Officers, Plaintiff Coates has suffered and will continue to suffer, severe mental anguish, medical and other related expenses, and loss of income.

## COUNT V

## FALSE IMPRISONMENT

40. Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth herein.

41. That as indicated previously, Defendants Schreiber, Tucker and Annapolis City Police Officers were informed that there was no pending warrant against Plaintiff Coates by the Annapolis City Police Department dispatcher.

42. That despite receiving this information, the Defendants restrained Coates from leaving the scene where they arrested him. That Defendants handcuffed and shackled Mr. Coates and drove him to the Annapolis City Police Department. That such action by the Defendants Schreiber, Tucker and other Annapolis Officers caused Plaintiff Coates to be unlawfully deprived of his liberty to leave the area and ultimately when he was imprisoned, to leave the Annapolis City Police Department.

43. That Plaintiff Coates was detained against his will for a several hours.

44. That as a result of the actions by Defendants Schreiber, Tucker and Annapolis Officers, Plaintiff Coates suffered damage by being unlawfully being held against his will for an extended period of time.

45. That all of this behavior, the actions of Defendants Schreiber, Tucker and Annapolis Officers demonstrated actual malice.

**WHEREFORE,** Plaintiff demands judgment against Defendant City of Annapolis, for violation of any and all relevant State and/or City or County laws and ordinances of the State of Maryland, Anne Arundel County or City of Annapolis, Maryland as follows:

a.) An award of five hundred thousand dollars ($500,000.00) compensatory damages;

b.) An award of two hundred fifty thousand dollars ($250,000.00) punitive damages;

c.) An award of nominal damages;

d.) An award of attorney's fees, interests and costs; and

e.) Such other and further relief as this Court may deem appropriate

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands a jury trial pursuant to Maryland Rule 2-325(a), upon all claims stated herein.

**LAW OFFICES OF LINDA T. COX, PA**

**Linda T. Cox, Esquire**
**1610 West Street, Suite 207**
**Annapolis, Maryland 21401**
**(410) 263-5855**
**(410) 269-5155 FACSIMILE**
**Attorneys for the Plaintiff**

*Law Offices of Linda T. Cox, P.A.*
1610 West Street, Suite 207
Annapolis, Maryland 21401
(410) 263-5855
(410) 269-6556 *(Balt.)*
*Telefax (410) 269-5155*

April 16, 2007

Shaem C. Spencer, Esq., City Attorney
145 Gorman Street, 3rd floor
Annapolis, MD 21401

**BY CERTIFIED MAIL**

Re: *Coates v. City of Annapolis*
DOA: 6/10/06
My File No: 06-658-09

Dear Mr. Spencer:

I have been retained by Samuel F. Coates to represent him with regard to injuries and damages arising out of wrongful arrest and an assault by the Annapolis City Police Department on or about June 10, 2006.

This letter shall constitute the requisite notice under the Local Government Tort Claims Act, § 5-304 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code.

I have enclosed Mr. Coates' June 10, 2006 Anne Arundel Medical Center Emergency Report and Patient Information Report. Mr. Coates has returned to work; I will provide you additional medical reports as they are received from the client.

I understand that there has already been an investigation of this matter by the Police Department.

Very truly yours,

Linda T. Cox

cc: Mayor Ellen Moyer (BY CERTIFIED MAIL)
Samuel F. Coates

PLAINTIFF'S EXHIBIT
A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

received 4/23/07

1. Article Addressed to:

Mayor Ellen Moyer
145 Gorman St, 2nd Floor
Annapolis MD 21401

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature ☒ Agent ☐ Addressee

B. Received by (Printed Name) Linda Kuhn

C. Date of Delivery 4/20/07

D. Is delivery address different from item 1? ☒ Yes ☐ No
If YES, enter delivery address below:
160 Duke of Gloucester St
Annapolis MD 21401

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7006 2760 0003 2115 7201

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

Samuel Coaker

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Shaem Spencer
City Attorney
1.. Gorman St, 3rd floor
Annapolis MD 21401

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature x Karen Steele ☐ Agent ☐ Addressee

B. Received by (Printed Name) Karen Steele

C. Date of Delivery 4-19-07

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

ARUNDEL DDU 21401

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7006 2760 0003 2115 7218

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

PLAINTIFF'S EXHIBIT
tabbies
B