| | | |
|---|---|---|
| | * | IN THE |
| Samuel Coates<br>Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR |
| | * | ANNE ARUNDEL COUNTY |
| Michael Schreiber<br>Defendant | * | CASE NO.: 02-C-07-123199 IT |

* * * * * * * * * * * * *

**ORDER FOR ALTERNATE DISPUTE RESOLUTION**

This Order is your official notice of dates and requirements regarding ADR. It is this 1st day of AUGUST, 2007, ORDERED, that:

It is the policy of this Court to encourage and promote the early and effective use of Alternative Dispute Resolution (ADR).

The Court having concluded that this case may benefit from the Alternative Dispute Resolution Program of this Court, it is ordered that this matter be referred to:

[X] Settlement Conference with Ronald Baradel, Esquire 125 West Strret 4th Floor Annapolis MD-21404 (410)-268-6600

[ ] Mediation ______________________________

The parties agree to meet with the above-named Mediator and agree to split the cost of the mediation equally between the parties

[ ] Arbitration ______________________________

[ ] Retired Judge ______________________________

[ ] Other ______________________________

A. That the parties shall have at least one bona fide conference with the Settlement Conference Officer/Mediator/Arbitrator, to be held no less than thirty (30) days before the Pretrial hereinafter established. Within that time, other conferences may be scheduled at the discretion of the Settlement Conference Officer/Mediator/Arbitrator.

2007 AUG -6 A 9:06

RECEIVED
AUG 0_ 2007
8/10 ltr
OFFICE OF LAW

B. That all discovery necessary to make the Settlement Conference meaningful must be completed by the Settlement Conference date unless all counsel and the Settlement Conference Officer agree to proceed at the conference date without discovery having been completed. If counsel anticipate that the discovery will not be completed by the Settlement Conference date, they shall notify the Settlement Conference Officer at least ten (10) days in advance of the conference date to determine whether counsel and the Settlement Conference Officer can agree to hold the conference without the completion of discovery. The discovery deadlines controlling in this case are set forth herein in paragraph four (4). The provisions herein are only intended to ensure that sufficient discovery is concluded prior to the settlement conference to ensure a meaningful conference.

C. That all parties and counsel must appear at the Settlement Conference. If there is insurance coverage and/or if settlement terms must be approved by a claims supervisor, claims committee, government official, or other individual or individuals, that person or those persons, with full authority, must appear and be prepared to discuss in good faith settlement of all issues. Failure to comply with this provision may result in the imposition of sanctions, including the assessment of counsel fees and costs, pursuant to Md. Rule 2-508(e).

D. That a Settlement statement will be mailed to all parties or their counsel by the Settlement Conference Officer/Mediator/ Arbitrator. It shall be returned fifteen (15) days before the scheduled Settlement Conference. This statement is confidential and is not to be served on the other side or filed in the Court jacket.

E. That all proceedings at the conference, including any statements made or documents prepared for the conference by any party, attorney or other participant, are privileged and shall not be disclosed to the trial judge or construed as an admission against interest unless otherwise agreed. No party shall be bound by anything said or done at the conference unless a settlement is reached.

F. That if a settlement is reached at the conference, the agreement shall be reduced to writing and shall be binding upon all parties to the agreement

G. That the Settlement Conference Officer/Mediator/Arbitrator shall advise the Court within ten (10) days after the conference by filing the Settlement Program Data Sheet with the Case Management Administrator on whether or not settlement was effectuated and completing the information required on the Data Sheet.

H. Counsel shall notify the Settlement Conference Officer/ Mediator/Arbitrator and the Offices of Case Management in writing of any postponements or newly named parties. In the event a settlement agreement is reached or the case is dismissed prior to using the ADR services, counsel shall notify the Settlment Conference Officer/Mediator/Arbitrator immediately.

If an attorney and/or party fail to participate in alternative dispute resolution or other proceedings as ordered without having first obtained a postponement or other waiver of this Court, a Show Cause Order will be issued. A Show Cause Hearing will then be held to determine why sanctions should not be imposed on the offending party or counsel. Monetary or other sanctions may be imposed on any attorney or party who fails to comply with an order of this Court issued in accordance with the Civil Differentiated Case Management Plan.

Pamela L. North
Judge

Copies:

Michael Schreiber
Christian Tucker
Miscellaneous Unidentified Annapolis City Police Officers
Shaem C Spencer, Esq
Linda T Cox, Esq
Ronald A Baradel, Esquire

TRUE COPY,
TEST: Robert P. Duckworth, Clerk
By: DE Deputy